(9 Misc. Rep. 329.)

### JACQUELIN et al. v. MANHATTAN RY. CO. et al.

### YOUMANS et al. v. SAME.

(Superior Court of New York City, General Term. July 2, 1894.)

CONDEMNATION PROCEEDINGS—EXTENSION OF TIME—DISCRETION OF COURT.
  Where the operation of defendant's elevated railroad has been enjoined, unless defendant within a certain time acquire title to plaintiff's easements, and it appears that there has been no unnecessary delay by defendant in instituting or prosecuting the condemnation proceedings, and that defendant is unable to complete the proceedings within the time allowed, it is discretionary with the court to grant an extension of time.

Appeal from special term.

Action by Emma L. Jacquelin and others and Sarah E. Youmans and others against the Manhattan Railway Company and others. From orders suspending the operation of injunction in each case for three months from May 6, 1894, plaintiffs appeal. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

Forster & Speir, for appellants.
Davies, Short & Townsend, for respondents.

McADAM, J. The actions were brought by abutting owners to enjoin the operation and maintenance of the defendants' elevated railroad in front of the plaintiffs' property on the Bowery. It appears that on November 1, 1893, injunctions were granted restraining the operation and maintenance of the elevated railroad, unless the defendants, within six months from that date, acquired title to the easements in front of the plaintiffs' property, either by "purchase or due process of law." The defendants, upon affidavits showing that condemnation proceedings had been instituted for the purpose of acquiring the easements, applied at special term to suspend the operation of the injunctions until such proceedings could be completed. The court granted the application by suspending the operation of the injunctions for three months from May 6, 1894, and the appeals are from these orders.

The court below had the power to grant the orders, and the only question is whether the discretion exercised in granting them was abused. Where applications of this kind are made, the applicants should show that condemnation proceedings were commenced without unreasonable delay, and were prosecuted with reasonable diligence. It will not do to wait until the time allowed is about to expire, and then commence proceedings, and complain of the shortness of the time allowed to consummate them. This does not prove diligence, but the want of it; for no time, however long, would be sufficient if allowed to pass unused in such manner. But where it appears that there has been no unnecessary delay in instituting

and prosecuting the condemnation proceedings, and that, without fault on their part, the defendants are unable to complete them within the period fixed, the court may, in the exercise of its discretion, grant such further time as may be necessary for the purpose. The defendants in the present cases furnished reasons for the delays that necessitated the applications, and, while not quite satisfactory, the excuses offered sufficiently called for the exercise of the court's discretion; and, in exercising it, the defendants were required to file stipulations that they would not apply for any further extensions. The discretion was not abused, and the orders must be affirmed, but without costs.